IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| D'ALBERT E. RAYFORD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14cv99 |
| | § | |
| CITIMORTGAGE, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Citimortgage, Inc.'s Motion to Dismiss (Dkt. 3). The motion is GRANTED in part and DENIED in part.

On December 3, 2013, Plaintiff D'Albert E. Rayford filed his Original Petition and Application for Temporary Restraining Order against Defendant Citimortgage, Inc. in the 16th Judicial District Court of Denton County, Texas. Defendant removed the case to this Court on February 14, 2014, and it was assigned to the undersigned by the consent of the parties on May 8, 2014.

Plaintiff's petition – which has not been amended since removal – asserts the following claims related to real property located at 1517 Morning Dove Dr. in Aubrey, Texas ("the Property"): breach of contract and anticipatory breach of contract; violation of federal Fair Debt Collections Practices Act, 15 U.S.C. 1692a; wrongful foreclosure; and trespass. *See* Dkt. 2. Plaintiff asks that an October 2013 foreclosure sale deed be declared void and also seeks injunctive relief to stop any

1

eviction from the Property. *Id.*

Defendant has filed a motion to dismiss Plaintiff's claims for failure to state a claim. *See* Dkt. 3. Defendant argues that Plaintiff fails to state a claim for breach of contract because Plaintiff fails to allege performance; that Defendant provided all opportunities to cure required by the Deed of Trust; that there is no enforceable agreement to modify between Plaintiff and Defendant; that Plaintiff's claim for the breach of the covenant of good faith and fair dealing is not cognizable; and that Defendant did not waive its right to foreclose. Defendant also seeks dismissal of Plaintiff's FDCPA claims, arguing the FDCPA does not apply to CitiMortgage. Additionally, Defendant argues that Plaintiff fails to state a claim for wrongful foreclosure; that there is no claim for wrongful eviction; that Plaintiff's request for injunctive relief is not a cognizable claim; and that Plaintiff fails to state a claim for trespass. Plaintiff has filed a response in opposition.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary

2

support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

### Breach of Contract and Anticipatory Breach of Contract

In his breach of contract and anticipatory breach of contract allegations, Plaintiff claims that Defendant violated the Texas Property Code and the Deed of Trust by not giving him the right to cure and reinstate his note and failing to give him notice of default and notice of intent to accelerate. The Court finds that allegations regarding failures to comply with certain statutory procedural

obligations embodied in a Deed of Trust are sufficient to state a breach of contract claim. Whether Plaintiff was given adequate notice and an opportunity to cure and whether Plaintiff defaulted on his obligation to pay – as Defendant argues in its motion – are not matters the Court finds appropriate for a motion to dismiss but are reserved for summary judgment or trial.

Plaintiff also claims that "Defendant offered and Plaintiff accepted a loan modification review." Dkt. 2 at ¶14. The Court finds that Plaintiff cannot state a breach of contract claim based on an alleged modification agreement. Any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). Therefore, in order for Plaintiff to assert a breach of contract claim, any modification of the underlying loan agreement must have been in writing. Because Plaintiff has not alleged that there was a written modification, Plaintiff has failed to state a claim of breach of any modification agreement.

Plaintiff has also not stated any facts regarding any promise to sign a modification agreement such that promissory estoppel would save his claims. *Martins*, 722 F.3d at 256 ("Martins alleges only an oral agreement, not a promise on the part of BAC or its agents to sign an agreement validating the oral agreement that would satisfy the statute of frauds."); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (lack of promise to sign a prepared document that

comports with Texas's statute of frauds, which would have memorialized oral promises regarding modification was fatal to borrowers' promissory estoppel claims); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 Fed. App'x 394, 398 (5th Cir. 2013); *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329 (5th Cir. 2013) (when no evidence exists to establish an oral agreement to reduce an otherwise unenforceable promise to writing, in satisfaction of the statute of frauds, summary judgment with respect to an estoppel claim is proper).

The Court also finds that Plaintiff cannot base a breach of contract action on a theory that Defendant breached the Deed of Trust by accelerating and foreclosing on the Property after purportedly waiving its right to do so. The Deed of Trust expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy." Dkt. 3-2 at § 11.[1] The Court finds that, given the express language of the Deed of Trust, Plaintiff cannot base a breach of contract action on this theory.

For these reasons, the Court also finds that no claim for anticipatory breach has been stated. In Texas, in order to prevail on a claim for anticipatory breach, a plaintiff must establish each of the

---

[1] A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2001 WL 2566092 at *2 (S.D. Tex. 2011) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). Because the Deed of Trust is referred to in Plaintiff's complaint and central to his claims, the Court has considered it here.

following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 - 95 (5th Cir. 2004). Plaintiff has not sufficiently stated these elements and specifically has not stated what obligations Defendant repudiated as to the underlying mortgage documents. Plaintiff has also not alleged sufficient facts in the claim that Defendant "prevented Plaintiff from performing the contract." Dkt. 2 at ¶ 16. Therefore, any claims for breach of anticipatory contract are dismissed.

### *Breach of Duty of Good Faith and Fair Dealing*

As part of his breach of contract claim, Plaintiff also alleges that Defendant breached its duty of good faith and fair dealing by accelerating the Note. The Court finds that this claim should be dismissed because there is no duty of good faith and fair dealing in the lender/borrower relationship.

"Ordinarily, there is no such duty in lender/lendee relationships." *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.– San Antonio 1998, no pet.) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990)); *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983). "[U]nder Texas law, there is no special relationship between a mortgagor and mortgagee that would give rise to a stand-alone duty of good faith and fair dealing." *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. App'x 326, 329-330 (5th Cir. 2013) (internal citations and quotations omitted). Indeed, Texas law does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power." *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *FDIC v. Coleman*, 795 S.W.2d 706, 708–709 (Tex. 1990)) (internal quotations

omitted). Here, Plaintiff has not alleged what facts would constitute a "special relationship" with Defendant. *See Casterline v. Indy Mac/One West*, 761 F. Supp. 2d 483, 491 (S.D. Tex. 2011); *Smith v. National City Mortg*, 2010 WL 3338537, at *12 (W.D. Tex. 2010). Any breach of contract claims based on an implied duty of good faith and fair dealing are also dismissed.

**Violation of Fair Debt Collections Practices Act, 15 U.S.C. 1692a**

Next, the Court turns to Plaintiff's claim that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692a, by effectuating the foreclosure sale without proper notice to Plaintiff. Generally, "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA." *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. App'x 424, 428, (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp.2d 176, 190 (S.D. Tex. 2007) *aff'd,* 269 Fed. App'x 523 (5th Cir. 2008)). The same is true for mortgage servicing companies. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Ayers v. Aurora Loan Services, LLC*, 787 F. Supp.2d 451, 456 (E.D. Tex. 2011). In fact, the FDCPA expressly excludes from its definition of debt collector: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). As noted by the Fifth Circuit, "this FDCPA exclusion encompasses mortgage servicing companies and debt assignees as long as the mortgage was not in default at the

time it was assigned by the originator." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013) (alterations, citations and quotations omitted).

Defendant argues that it cannot be a debt collector under the FDCPA because Plaintiff does not allege that Defendant acquired the loan while it was in default. The Court agrees that Plaintiff's petition fails to state sufficient facts that would show that Plaintiff's mortgage was assigned to Defendant after Defendant was in default. Precedent is clear that this is the narrow circumstance to which the FDCPA applies to mortgage loans. As such, the FDCPA claim is dismissed.

**Wrongful Foreclosure**

Defendant also seeks dismissal of Plaintiff's wrongful foreclosure claim. To make a claim for wrongful foreclosure under Texas law, a plaintiff must show: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013). *See also* TEX. PROP. CODE ANN. § 51.002 (statutory requirements for foreclosure sales). "The latter two elements need not be shown if the borrower instead establishes that the lender deliberately chilled the bidding at the foreclosure sale." *Waltner v. Aurora Loan Servs., L.L.C.*, 551 Fed. App'x 741, 749 (5th Cir. 2013).

In his petition, Plaintiff argues that the foreclosure sale was defective because he did not receive all the required notices. Plaintiff does not allege a grossly inadequate sales price resulting from the defect in the sale proceedings. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249,

256 (5th Cir. 2013) ("A grossly inadequate price would have to be so little as 'to shock a correct mind.'") (internal quotations omitted); *see also Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("Texas cases establish that a foreclosure price exceeding 50% is not grossly inadequate.") (citing *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.– Amarillo 2007) and *Richardson v. Kent,* 47 S.W.2d 420, 425 (Tex. Civ. App.– Dallas 1932)) (finding that sale price which was about 52% of proffered value was not grossly inadequate). Plaintiff also fails to allege that Defendant deliberately chilled bidding at the foreclosure sale. Without an allegation of a grossly inadequate sales price or an allegation that Defendant deliberately chilled bidding at the sale, no claim has been stated under Texas law.

The Court finds that, if at all Plaintiff's claims as to notice fall within his breach of contract claims. *Waltner v. Aurora Loan Servs., L.L.C.*, 551 Fed. App'x 741, 749 (5th Cir. 2013) ("while such facts, if established as true, might provide the basis for a meritorious breach of a contract claim, they do not state a claim for wrongful foreclosure."). The wrongful foreclosure claim is dismissed. *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 727 (5th Cir. 2013) (affirming dismissal of wrongful foreclosure claim where the plaintiffs never alleged that the defendants interfered with the bidding process of the foreclosure sale and the only defects they alleged were vague failures to comply with Texas statutory requirements in effecting the sale, as well as an allegation that one defendant had agreed to postpone foreclosure); *Waltner v. Aurora Loan Servs., L.L.C.*, 551 Fed. App'x 741, 749 (5th Cir. 2013) (affirming dismissal of wrongful foreclosure claim where complaint failed to allege facts supporting either a grossly inadequate selling price or the deliberate chilling of

bidding at the foreclosure sale).

**<u>Trespass</u>**

Plaintiff also asserts a claim of trespass. "To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff." *Randall Noe Chrysler Dodge, LLP v. Oakley Tire Co.*, 308 S.W.3d 542, 548 -549 (Tex. App.– Dallas,2010, no pet.).

Defendant argues that Plaintiff's petition offers no more than a recitation of the elements of trespass. Although the Court finds that Plaintiff has stated sufficient facts to state the first element of a trespass claim, he has not alleged any facts beyond labels and conclusion to allege physical entry onto his Property by Defendant or the injuries caused to him by such entry. That claim is dismissed.

And although not specifically alleged, to the extent Plaintiff seeks instead to assert a trespass to try title claim or a quiet title claim, the Court agrees that he has not stated facts to show superiority that would support either. *See e.g. Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title."); *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted) ("To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned."). Plaintiff has stated no grounds to set aside the foreclosure sale

deed.

**Wrongful Eviction and Request for Injunctive relief to Stop any Eviction from the Property**

As to Plaintiff's request that the Court enjoin any eviction from the Property or find any eviction wrongful,[2] the Court lacks jurisdiction over such a matter and will not intervene in any state court forcible detainer action. *See Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. App'x 414, 416, 2013 WL 617010, 2 (5th Cir. 2013). The Court also notes that the *Rooker–Feldman* doctrine bars federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed.2d 454 (2005); *Price v. Porter*, 351 F. App'x 925, 926 (5th Cir. 2009). To the extent not withdrawn by Plaintiff in his response to the motion to dismiss, any claim challenging eviction is dismissed.

**TDCA/DTPA**

The Court notes that within his wrongful foreclosure claim, Plaintiff argues that the foreclosure sale was wrongful "by virtue of Defendant [sic] violation of TDCA and DTPA." Dkt. 2 at ¶20. In Plaintiff's wrongful eviction claim, Plaintiff also seeks an order "barring further violations of TDCA." Dkt. 2 at ¶24. And, in his Prayer, Plaintiff seeks "statutory damages, costs, and attorney fees as provided by Tex. Fin. Code Ann. Sections 392.403 and 392.404." Dkt. 2 at p. 12. Plaintiff has listed no separate claims in his petition under the Texas Debt Collection Practices

---

[2]Plaintiff states in his response that, "[a]s Plaintiff is currently in the home, Plaintiff will agree with Defendant that at this time, there are no facts to claim that Defendant has wrongfully evicted Plaintiff from his Property." Dkt. 4 at 10.

Act or the Deceptive Trade Practices Act, and Plaintiff has not cited the provisions within either Act he claims were violated. This does not rise beyond conclusory allegations. No claims under the TDCA or DTPA have been stated and, to the extent alleged, are dismissed.[3]

#### SUMMARY

The only claim remaining before the Court is Plaintiff's breach of contract claim based on his argument that he was not provided the requisite notices. The Court notes that Defendant has attached to its motion to dismiss copies of notices sent to Plaintiff. *See* Dkts. 3-4 & 3-5. While these are referenced by Plaintiff's complaint, the Court finds that, given the governing authority, consideration of them without giving Plaintiff the opportunity to respond would go beyond the scope of a motion to dismiss.

Plaintiff is cautioned, however, that, under the Texas Property Code, service of notice of a foreclosure sale is complete when the notice is sent via certified mail, and "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service." TEX. PROP. CODE § 51.002(e). And, as recently noted by the Fifth Circuit, there is not a requirement that Plaintiff receive the notice in order for it to be valid and effective. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d. 249, 256 (5th Cir. 2013) ("There is no requirement that Martins receive the notice"). Further, Plaintiff should be mindful that whether he was current on his

---

[3] The Court also notes that in his response to the motion to dismiss, Plaintiff claims that "Plaintiff has effectively stated a claim against Defendant for Fraud and for Breach of Contract." Dkt. 4 at 11. Federal Rule of Civil Procedure 9 requires that a party state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). No fraud allegation is made in the petition, and no fraud allegations are before the Court.

mortgage payments may also be determinative. *See, e.g. Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("a party in default cannot assert a claim for breach against the other party"). Nonetheless, given the disfavor with which motions to dismiss are treated, and having considered that Defendant's argument as to this claim is evidentiary in nature, the Court will not dismiss the claim for failure to state a claim.

Plaintiff is reminded that costs will be awarded at the conclusion of this matter to the prevailing party in accordance with Federal Rule of Civil Procedure 54(d).

Defendant Citimortgage, Inc.'s Motion to Dismiss (Dkt. 3) is GRANTED as to all of Plaintiff's claims, except Plaintiff's breach of contract claim based on his argument that he was not provided the requisite notices.

**SO ORDERED.**

**SIGNED this 26th day of September, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE