IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| D'ALBERT E. RAYFORD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14cv99 |
| | § | |
| CITIMORTGAGE, INC. | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant CitiMortgage, Inc.'s Motion for Final Judgment (Dkt. 12). The motion is GRANTED as set forth fully below.

This case involves an October 2013 foreclosure on real property located at 1517 Morning Dove Dr. in Aubrey, Texas ("the Property"). Plaintiff originally brought claims for breach of contract and anticipatory breach of contract; violation of federal Fair Debt Collections Practices Act, 15 U.S.C. 1692a; wrongful foreclosure; and trespass. *See* Dkt. 2. Plaintiff also asked that the foreclosure sale deed be declared void and requested injunctive relief to stop any eviction from the Property. *Id.*

On September 26, 2014, the Court granted Defendant Citimortgage, Inc.'s Motion to Dismiss as to all of Plaintiff's claims, except Plaintiff's breach of contract claim based on his argument that he was not provided the requisite notices. *See* Dkt. 10. The Court found that Plaintiff had sufficiently stated that claim and that Defendant's challenges to it were more evidentiary in nature

1

and thus best reserved for summary judgment or trial.

On October 30, 2014, Defendant filed its motion for summary judgment, seeking summary judgment on the remaining claim. Plaintiff filed his response on November 25, 2014, and the motion is ripe for resolution.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

The Court's dismissal order significantly narrowed the remaining claim in this case to that of whether Plaintiff was given adequate notice and an opportunity to cure and whether Plaintiff defaulted on his obligation to pay. In support of its motion for summary judgment as to that claim, Defendant submits the following evidence: (1) the Affidavit of Angie Fehl, including the exhibits attached thereto; (2) the Affidavit of Becky Howell, including the exhibits attached thereto; and (3) a certified copy of the Substitute Trustee's Deed. *See* Dkt. 12-1 – 12-3.

According to Defendant's summary judgment evidence, On June 11, 2013, CitiMortgage sent Plaintiff a Notice of Default via certified mail allowing Plaintiff an opportunity to cure his delinquent payments. Dkt. 12-1 at 33-34. According to the affidavit of Angie Fehl, a Business Operations Analyst employed by CitiMortgage, Inc., the notice was sent to the Property address, the last known address for Plaintiff in CitiMortgage's records. Dkt. 12-1 at 3.

Defendant's summary judgment evidence further contains a Notice of Acceleration of Sale sent on August 23, 2013 to Plaintiff, via certified mail, to the Property address. Dkt. 12-2 at 5-7. The document notified Plaintiff that his loan had been accelerated and that a foreclosure sale of the Property had been scheduled for October 1, 2013. As argued by Defendant, both the Notice of Default and the Notice of Acceleration and Sale address Plaintiff's right to reinstate the loan under the terms of the Deed of Trust. Dkts. 12-1 at 33 and 12-2 at 5.

Plaintiff's response argues that summary judgment is improper in this case because there are genuine issues of material fact as to his breach of contract claim. Notably, however, he fails to attach any summary judgment evidence demonstrating such a fact issue. Plaintiff has not controverted any of Defendant's summary judgment evidence. It is Plaintiff's burden to support his position by designating specific portions of the summary judgment record and showing the existence of a genuine issue for trial. *Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655; E.D. TEX. LOCAL R. CV-56(d). He has not done so here.

As the Court has previously noted, under the Texas Property Code, service of notice of a foreclosure sale is complete when the notice is sent via certified mail, and "[t]he affidavit of a person

knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service." TEX. PROP. CODE § 51.002(e). There is not a requirement that a plaintiff receive the notice in order for it to be valid and effective. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d. 249, 256 (5th Cir. 2013) ("There is no requirement that Martins receive the notice").

Here, Plaintiff has not rebutted Defendant's *prima facie* evidence that the notices were sent, and, indeed, he does not appear to challenge that he received them. He further has failed to offer any summary judgment evidence that would show how the notices, on their face, failed to comply with the terms of the Deed of Trust.

Plaintiff's claim that "Defendant breached the agreement by not providing the requisite notices," *see* Dkt. 15 at ¶20, without citation to any summary judgment evidence in support, is conclusory and not enough to prevent the entry of judgment against him. Governing precedent is clear that neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

The Court notes that Plaintiff's response cites to Defendant's June 2013[1] notice of default and argues that the notice allowed him to apply for foreclosure alternatives, that he applied for a loan modification, and that he was assured that a foreclosure would not take place until his loan modification had been finalized. Not only has Plaintiff failed to offer any summary judgment evidence that support his claims of loan modifications, any arguments about loan modifications are

---

[1]Plaintiff's response references "June 11, 2014" and "August 23, 2014" notices. *See* Dkt. 15 at 6. Because there are no allegations or evidence in the summary judgment record of any notices sent in 2014, the Court assumes this was a typographical error and that Plaintiff's response references the notices at issue, which were sent in 2013.

5

not part of the remaining breach of contract claim.  In any event, for any loan modification to form the basis of any contract claim, it must have been in writing.  *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) ("An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid.").  And representations regarding future loan modifications and foreclosure are generally insufficient to state any claim.  *See, e.g. Thomas v. EMC Mortg. Corp.*, 2012 WL 5984943, 3 (5th Cir. 2012); *Milton v. U.S. Bank Nat. Ass'n*, 2013 WL 264561, 2 (5th Cir. 2013).  Plaintiff's arguments as to modification are insufficient to defeat summary judgment.

Plaintiff's response also argues that the August 2013 notice did not comply with Section 809 of the Fair Debt Collection Practices Act, or FDCPA, and therefore is insufficient notice to exercise a foreclosure on the Property.  The Court has already dismissed Plaintiff's claims under the FDCPA, finding that Defendant was not a debt collector under the FDCPA because Plaintiff did not allege that Defendant acquired the loan while it was in default.  *See* Dkt. 10 at 8.  This argument cannot save Plaintiff's remaining breach of contract claim.

The Court also notes that Plaintiff has failed to offer any summary judgment evidence that would show that he was current on his mortgage payments.  Although the Court need not reach the issue here, this would also likely defeat any breach of contract claim here.  *See, e.g. Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("a party in default cannot assert a claim for breach against the other party").  No fact issue has been demonstrated as to any of Plaintiff's claims.

Defendant CitiMortgage, Inc.'s Motion for Final Judgment (Dkt. 12) is GRANTED, Plaintiff shall take nothing by his claims, Defendant is awarded its costs,[2] and this matter shall be closed on the Court's docket.

**SO ORDERED.**

**SIGNED this 22nd day of December, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff was cautioned in the Court's dismissal order that costs would be awarded at the conclusion of this matter to the prevailing party in accordance with Federal Rule of Civil Procedure 54(d).  *See* Dkt. 10 at 13.